[Civ. No. 7137. First Appellate District, Division Two.—August 9, 1930.]

JOSEPH DE GRUCHY, Respondent, v. CITY AND COUNTY OF SAN FRANCISCO (a Municipal Corporation), Appellant.

John J. O'Toole, City Attorney, and Henry Heidelberg, Deputy City Attorney, for Appellant.

Daniel A. Ryan and George F. Snyder for Respondent.

STURTEVANT, J.—The plaintiff commenced an action to obtain a judgment for damages caused by being thrown to the street when he was attempting to board one of the street-cars being operated by the agents of the defendant. The defendant answered and a trial was had in the lower court by the court sitting with a jury. The jury returned a verdict in favor of the plaintiff and from a judgment entered thereon the defendant has appealed.

The defendant makes several points which may be reduced to two. The plaintiff erred in introducing certain prejudicial evidence and later in the use he made of it. In his complaint the plaintiff alleged that he suffered serious injuries and that said injuries were caused by the defendant's street-car. The defendant admitted the plaintiff suffered the injuries but denied that the injuries were caused by the negligence of its street-car. On the trial it was the claim of the plaintiff that while he was in the act of boarding a standing car at Geary and Larkin Streets and before he could get a secure footing thereon, the defendant's agents started the car, causing plaintiff to fall, and then dragged him some distance. On the other hand, it was the claim of the defendant that its car had not stopped, but was in motion, and that the plaintiff ran toward it, threw his grip and overcoat on the platform, and then attempted to grab a hold and board the car, but that he failed in the latter effort, fell and injured himself. To support its contentions the defendant produced its conductor, motorman and two disinterested witnesses. As recited above, the accident occurred at Geary and Larkin Streets. ■ The plaintiff's first witness was Albert Green, a truck driver, who delivers for the Calso Water Company. After the accident happened he was at the French Hospital at Geary and Fifth Avenue, which is approximately two miles from Geary and Larkin. In response to questions propounded to him by plaintiff's attorney, he testified: "I was at the Geary and Sixth avenue entrance and I saw Mr. De Gruchy there at

that time. A motorman and conductor were just setting him down on the bottom step of the hospital. Mr. Ryan: Q. What did you see there? Mr. Heidelberg: That is objected to as being incompetent, irrelevant and immaterial. . . . The Court: I will overrule the objection. A. They set him down on the steps and left him. Mr. Heidelberg: . . . I will ask it be stricken out and the jury admonished to disregard all such testimony. Mr. Ryan: Wholly preliminary, your honor. Mr. Heidelberg: I still insist upon my objection and my request to the court. The Court: It is preliminary. I will overrule the objection. Mr. Heidelberg: And deny the request to instruct the jury that they are to disregard this testimony in its entirety? The Court: Yes, sir.'' Each and all of the foregoing objections and motions were proper and each ruling was erroneous. As we proceed it will also appear that each error was highly prejudicial. Other equally objectionable questions were propounded to the same witness and other errors were likewise made in ruling on the objections and motions. Each and all were addressed to the same general subject. When the direct examination was completed the defendant asked no questions and excused the witness.

The reporter took down, and the transcript contains, the oral argument of the plaintiff on submitting his case. Counsel had been speaking of the testimony given by the motorman and conductor and then this follows: ''They tell the story that the old man never attempted to get on that car while going, and also the admission, because there is no denial, that for a minute or four minutes he stood waiting for it. Then why did he have to run? He walked out and the car came to a stop; he put his grip upon the platform; he put his overcoat there; and the conductor of that car, as they have done, and conductors have done thousands of times, started that car before that man was able to ride in a place of safety. You know it and I know it. You have experienced it and I have experienced it. But he wasn't fast enough for the conductor. This man so kindly and compassionate that set him down upon the steps of the hospital and left him there and—

''Mr. Heidelberg (interrupting): Now may it please your honor, I am going to insist that Mr. Ryan only refer to that testimony as showing injury; and I want to assign right

now his remarks as misconduct, prejudicial to the defendant, and ask that the jury be admonished to disregard the same. He is now trying to rouse passion and prejudice.

"Mr. Ryan: I submit it is in the testimony, if your honor please, and part of the record, and shows the character of the man, the recklessness of the man.

"Mr. Heidelberg: May it please your honor, I am going to ask that the jury be admonished to disregard it, and Mr. Ryan be told to confine his comments on the testimony to the extent of showing whether or not the man was injured.

"The Court: Whether or not he may suffer I do not think calls for a reprimand. Of course it will be better, I suppose, to refrain from commenting upon the fact that the sick man was left upon the steps other than to say it shows he may have been injured by a street car.

"Mr. Ryan: If your honor please, the testimony shows it. Now the conductor stated afterwards, and he took the stand, and now please follow the absurdity, he said, 'Yes, we left him on the steps. I went in and announced to the office, "There is a patient outside." I knew he was a patient; he told me he was going there for an operation.' The ridiculousness of it! If he knew he was a patient why didn't he pack him in? Green, the Calso man, said he left him there and went away. That is the kind of man of responsibility that was back at the back of this car.

"Mr. Heidelberg: I again assign the remarks of counsel as misconduct prejudicial to the defendant and ask that the jury be admonished to disregard the same.

"Mr. Ryan: I submit it is proper within the argument, if your honor please.

"The Court: Well, the assignment is noted."

The defendant's objections and requests for the assistance of the court were not met by the rulings quoted. The prejudicial error noted above was exacerbated by the acts and language of plaintiff's attorney last quoted.

It is unnecessary to take up other alleged errors.

The judgment is reversed.

Nourse, P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on September 6, 1930, and a petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on October 8, 1930.

Preston, J., dissented.